IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-568-FL

| | |
|---|---|
| RONIA WEISNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| ANIMAL AND PLANT HEALTH ) | |
| INSPECTION SERVICE and UNITED ) | |
| STATES DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendants. | |

This matter comes before the court on plaintiff's motion to vacate dismissal of case, filed February 4, 2012 (DE # 24). For the following reasons, plaintiff's motion is granted, and the case is reopened for the limited purpose of allowing filing and disposition of plaintiff's motion for attorneys' fees.

BACKGROUND

Plaintiff Ronia Weisner ("plaintiff") filed complaint on December 13, 2010, and amended complaint on February 16, 2011. Plaintiff sues defendants Animal and Plant Health Inspection Service ("APHIS") and United States Department of Agriculture ("USDA") (collectively, "defendants") for violations of the Freedom of Information Act, 5 U.S.C. § 552.

Plaintiff alleges that on June 11, 2010, she submitted an online request for documents to APHIS, under the Freedom of Information Act ("FOIA"), regarding a July 2008 incident that allegedly led to the failure of United Airlines, Inc. to transport her dog, Jeddah, from Dulles Airport

in Virginia to Saudia Arabia. Plaintiff and her husband, Lieutenant Colonel John Weisner, filed in this court a related suit against United Airlines for damages arising out of the loss of their dog.

Case management order entered March 23, 2011. The parties have since filed three motions to extend time in which to file dispositive motions. In each, the parties indicated that they were nearing settlement. Most recently, in motion filed November 1, 2011, the parties informed:

> A settlement in a separate administrative proceeding has been signed between the Defendants and United Airlines. This settlement should obviate the need for further action by the Court and completely resolve this matter. The only action that remains to take place in the administrative action is for the Administrative Law Judge to approve of the settlement. The parties expect that this will happen in the next two weeks.

The above language strongly suggested to the court that settlement was imminent. However, the parties failed to notify the court that settlement had been reached. On December 6, 2011, the court set final pretrial conference for February 3, 2012, at 1:30 pm, at the United States Courthouse in New Bern, North Carolina. Notice of the hearing was entered on the case docket and electronically mailed to plaintiff's counsel Steven M. Wise, at WiseBoston@aol.com, and Joseph Powell Mustian, at jmustian@ncanimallaw.com, and to defendants' counsel, W. Ellis Boyle, at ellis.boyle@usdoj.gov, usance.ecfcivil2@usdoj.gov.

Neither party appeared at the February 3, 2012 hearing. The court, relying on the parties' joint representation in motion filed November 1, 2011 that settlement was imminent, and on the parties' failure to appear, dismissed the case with prejudice.

## DISCUSSION

Plaintiff now moves to reopen the case for the limited purpose of filing motion for attorneys' fees. Plaintiff's counsel informs of difficulty in contacting both his client and opposing counsel, and

2

further states that he was unaware of the noticed pretrial conference. Although plaintiff acknowledges receipt of the documents sought by the complaint, plaintiff now seeks to move for attorneys' fees under the Freedom of Information Act.

In its discretion, where the court relied in part upon the parties' joint presentation suggesting no issues remained, and where the attorney for the government too failed to appear at the noticed pretrial conference, the undersigned deems it appropriate to reopen this case for the limited purpose of allowing plaintiff to file motion for attorneys' fees.

## CONCLUSION

Accordingly, plaintiff's motion is GRANTED IN PART. The court reopens this case for the limited purpose of filing, briefing, and disposition of plaintiff's motion for attorneys' fees. Plaintiff shall have fourteen (14) days from date of entry of this order to file motion seeking attorneys' fees, and defendants shall have fourteen (14) days thereafter to respond.

SO ORDERED, this the 6th day of February, 2012.

_____
LOUISE W. FLANAGAN
United States District Court Judge