THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00568-FL

| | |
|---|---|
| RONIA WEISNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANIMAL AND PLANT HEALTH ) | |
| INSPECTION SERVICE and ) | |
| UNITED STATES DEPARTMENT ) | |
| OF AGRICULTURE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion for Attorney Fees [DE-27]. The motion is currently ripe for review and, accordingly, Judge Flanagan has referred it to the undersigned for disposition.

## STATEMENT OF THE CASE

Plaintiff Ronia Weisner (hereinafter "Plaintiff"), filed the original Complaint [DE-4] in this action on December 13, 2010 against Defendant Animal and Plant Health Inspection Service ("the APHIS"), alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On February 16, 2011, Plaintiff filed an Amended Complaint [DE-9] against the APHIS and Defendant United States Department of Agriculture ("the USDA") (collectively "Defendants"). Defendants filed an Answer [DE-13] to the Amended Complaint on March 1, 2011.

The case proceeded according to a Case Management Order [DE-15] entered on March 23, 2011 and a final pre-trial conference was set for February 3, 2012 in front of Judge Flanagan.

Neither party appeared for the conference and, accordingly, Judge Flanagan dismissed the case with prejudice. *See* Minute Entry at DE-23. However, on February 4, 2012, Plaintiff filed a Motion to Vacate Dismissal [DE-24], wherein Plaintiff asked that the Court vacate the dismissal and re-open the case for the limited purpose of filing a motion for attorney fees.

On February 6, 2012, Judge Flanagan entered an Order [DE-25], which granted Plaintiff's motion to vacate dismissal in part and re-opened the case for the limited purpose of allowing Plaintiff to file a motion for attorney fees. As a result, on February 21, 2012, Plaintiff filed a Motion for Attorney Fees [DE-27], to which Defendants responded [DE-33] on March 20, 2012. It is to this motion that the Court now turns its attention.

## STATEMENT OF THE FACTS

On July 10, 2008, Plaintiff's dog, Jeddah, went missing while under the care of United Airlines ("United") and was never found. As a result, Plaintiff filed an online FOIA request on June 10, 2010, which requested that the APHIS search its records and provide Plaintiff with all records relating to Jeddah's disappearance. Plaintiff represented that she intended to use the records for personal and not commercial purposes.

On July 2, 2010, the APHIS denied Plaintiff's FOIA request on the basis of 5 U.S.C. § 552(b)(7)(A) ("Exemption 7(A)"), a FOIA exemption which permits records to be withheld when their release could interfere with pending or ongoing law enforcement proceedings. Subsequently, Plaintiff commenced the instant action in December of 2010. During the course of this action, on June 27, 2011, Defendants produced a "Vaughan Index" which catalogued 185 pages of records in total: 182 pages of records which were being withheld pursuant to Exemption (7)(A), as well as three pages of records which were being withheld under a different exemption, 5 U.S.C. § 552(b)(5) ("Exemption 5"), which allows inter-agency and intra-agency

2

communications to be withheld. In November of 2011, Defendants produced the records it had previously withheld, apparently after an administrative case between the Government and United had been resolved. *See* Pl.'s Mem. in Supp. of Mot. for Atty's Fees at 1-4 [DE-27-1]; Defs.' Resp. at 1-3 [DE-33].

## DISCUSSION

A plaintiff in a FOIA action may recover attorney fees after the resolution of the dispute under certain circumstances, to wit:

> (i) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
>
> (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—
>
>> (I) a judicial order, or an enforceable written agreement or consent decree; or
>>
>> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E)(i)-(ii). Thus, the question divides into two parts: first, whether a plaintiff is *eligible* for attorney fees and, second, whether a court believes that a plaintiff is *entitled* to such fees in particular case. Accordingly, the Court will address each of these two considerations in turn.

### 1. Whether Plaintiff is *eligible* for attorney fees

Plaintiff argues that she is eligible for attorney fees in the instant action, pursuant to 5 U.S.C. § 552(a)(4)(E), for two reasons.

First, Plaintiff argues that the records which were the subject of both her FOIA request and the instant action were ultimately released by Defendants as a result of the instant action and

3

that, therefore, she has "substantially prevailed." To that end, Plaintiff argues that, prior to her filing suit, Defendants refused to produce the requested records, denied her FOIA request on the basis of a blanket exemption without sufficient explanation, and refused to respond to her appeals, but that, six months after the instant action was filed, Defendants provided a "Vaughan Index" and explanation for the claimed exemption(s) in response to the litigation.

Second, Plaintiff argues that the administrative action filed by the Government against United in July 2011 was filed in violation of an agreement, predating the filing of the present action, which supposedly prevented the Government from bringing charges against United regarding the disappearance of Jeddah. To that end, Plaintiff appears to allege that United raised the existence of such a supposed agreement in response to the administrative action, ending that action in all but name within a few weeks, and that the Government should therefore never have been involved in a law enforcement proceeding in the first place.

In response, Defendants concede that, ultimately, they voluntarily released the records as contemplated by 5 U.S.C. § 552(a)(4)(E)(ii)(II). However, Defendants argue that they properly identified but withheld the records during the pendency of the Government's administrative action against United pursuant to a valid FOIA exemption and that, within a few days of the resolution of the administrative action, they produced the records of their own volition. As a result, Defendants argue that Plaintiff is not entitled to attorney fees because Plaintiff did not substantially prevail and that, in fact, the records were not released as a result of the instant action but were identified and withheld pursuant to an applicable exemption until such time as the exemption ceased to apply. In support of their position, Defendants also note that Plaintiff's claim that the Government was somehow prevented from bringing charges against United is entirely without merit.

4

The Court finds that Plaintiff is not eligible for attorney fees in the instant action. To that end, the Court finds that Defendants' withholding of the records was pursuant to a valid exemption and that, because Defendants turned over the records when the exemption cased to reply, Plaintiff did not "substantially prevail."

Beginning in July of 2010, five months before the instant action was commenced, and continuing up until the time that they released the records in November of 2011, Defendants consistently claimed that they were withholding records pursuant to Exemption 7(A), which provides that a party may withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).[1] During that time period, the Government was involved in an administrative action with United, which the Court finds to have been an "enforcement proceeding" as contemplated by Exemption 7(A). Plaintiff does not appear to dispute that she received the records within a few days of the resolution of this administrative action.

Though the Fourth Circuit has not spoken on the issue, Defendants are correct to point out that, generally, when the Government is "'correct as a matter of law' to refuse a FOIA request . . . Plaintiffs who sue to force disclosure . . . are not entitled to attorney fees," *Brayton v. Office of the United States Trade Representative*, 641 F.3d 521, 526 (D.C. Cir. 2011) (internal

---

[1] The Court does recognize that it appears that, in the "Vaughan Index" produced in June of 2011, Defendants claimed for the first time that 3 of the 185 total pages of records had been withheld under a different exemption, Exemption 5, which provides that a party may withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). However, though Plaintiff notes this fact, she does not appear to argue that Exemption 5 was improperly claimed by Defendants or that these 3 pages were improperly withheld for any other reason not discussed elsewhere herein. Accordingly, the Court declines to address Exemption 5 separately. Furthermore, the Court notes that, even assuming, *arguendo*, that Plaintiff may have a stronger claim for attorney fees as to the records claimed under Exemption 5, the Court also notes that these 3 pages would amount to a total potential award, $280.76, representing 3/185 of Plaintiff's claimed $17,313.50 in attorney fees, which would also require assuming, *arguendo*, that such total of attorney fees is in any way reasonable.

5

citations omitted), and Plaintiff has offered no authority to the contrary. Instead, Plaintiff appears to have relied on cases which examine the propriety of claimed exemptions in the context of courts' examinations of defendants who continued to claim those exemptions, as opposed to the retrospective propriety of exemptions claimed by defendants who voluntarily released records once their claimed exemptions ceased to apply, and the Court finds such authority to be inapposite. Accordingly, the Court finds that Defendants withheld the records only as long as was necessary under Exemption 7(A), releasing them promptly when the exception ceased to apply.

Furthermore, if, as Plaintiff seems to suggest, Defendants were intent on withholding the records unreasonably, the Court fails to see why Defendants would have voluntarily released the records at any point and it stands to reason that the matter would currently be before the undersigned not as to the posthumous issue of attorney fees, but on Plaintiff's motion for an order directing Defendants to release the records on the basis of a continuing improperly claimed exemption. In addition, even to the extent that Plaintiff is attempting to argue that Exemption 7(A) was improperly claimed by Defendants because they did not sufficiently explain their rationale, because their release of the records would not have interfered with enforcement proceedings, or because Defendants claimed Exemption 7(A) fraudulently in violation of some supposed agreement with United, in the absence of any significant factual support to the contrary, the Court finds that any such arguments are without merit due to Defendants' prompt release of the records. Nothing that Plaintiff has argued has persuaded the Court that Defendants withheld the records for any reason other than pursuant to a valid exemption and released them as soon as that exemption ceased to apply. Accordingly, the Court finds Plaintiff's position that she "substantially prevailed" and that Defendants released the records only as a result of the

6

instant action to be unconvincing and, therefore, finds that Plaintiff is not eligible for attorney fees in the instant action.

### 2. Whether Plaintiff is *entitled* to attorney fees

Though the Court finds that Plaintiff is not eligible for attorney fees, thus concluding the discussion under 5 U.S.C. § 552(a)(4)(E), in the alternative, the Court also finds that even if Plaintiff were eligible for fees, she is not entitled to them.

If, at the outset, a court determines that a plaintiff has substantially prevailed and is eligible for attorney fees, the court must then assess whether the plaintiff is *entitled* to attorney fees based on the following four factors: "(1) the benefit to the public, if any, derived from the case; (2) the benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law." *Reinbold v. Evers*, 187 F.3d 348, 362 n.16 (4th Cir. 1999).

Here, Plaintiff argues that these four factors weigh in her favor. To that end, Plaintiff argues that the records benefit the public because she desired them both to pursue the public's interest in justice via her action against United as well as pursue animal safety legislation, that the records primarily benefit her as an individual and were not sought for any commercial benefit, and that Defendants lacked a colorable basis to withhold the records. In response, Defendants argue that the four factors do not weigh in Plaintiff's favor because Plaintiff sought the records in order to obtain money damages from United for her own personal benefit as opposed to any animal-rights agenda, and that Defendants had a reasonable basis in law to withhold the records.

The Court has already found that Defendants withheld the records pursuant to a valid exemption until that exemption ceased to apply. Therefore, the fourth factor weighs against

7

Plaintiff from the outset. In addition, the Court notes that Plaintiff has represented to the Court that one of her primary purposes in requesting the records was to assist her in her ongoing action against United and that, three months after receiving the records, on February 22, 2012, Plaintiff settled that action, presumably with the benefit of the records. *See* Notice of Settlement, *Weisner v. United Airlines*, No. 5:10-CV-273-FL, DE-33. As a result, though Plaintiff vaguely alludes to an animal-rights agenda, having been presented with no evidence of the progress of such agenda as a result of Plaintiff's receipt of the records, the Court concludes that the primary result of Defendants' release of the records has been personal gain to Plaintiff due to the settlement of her suit against United and finds that the first three factors also weigh against Plaintiff. Accordingly, the Court finds that Plaintiff is not entitled to attorney fees in the instant action.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Attorney Fees [DE-27] is **DENIED**.

This the 29th day of June, 2012.

DAVID W. DANIEL
United States Magistrate Judge